**MIDWEST SEAFOOD, INC., Plaintiff,**

**v.**

**TRUCK INSURANCE EXCHANGE (wholly owned subsidiary of Farmer's Insurance Group), Defendant.**

**No. 76–1064C(4).**

United States District Court, E. D. Missouri, E. D.

May 3, 1977.

Theodore F. Schwartz, Clayton, Mo., for plaintiff.

Bernard C. Brinker, Carter, Brinker, Doyen & Kovacs, Clayton, Mo., for defendant.

## MEMORANDUM

NANGLE, District Judge.

Plaintiff, Midwest Seafood, Inc., brought this suit to recover proceeds on an insurance policy issued by defendant Truck Insurance Exchange following a loss by fire.

This case was tried to the Court sitting without a jury. After consideration of the testimony and documents, the Court makes the following findings of fact and conclusions of law as required by Rule 52, Federal Rules of Civil Procedure:

## FINDINGS OF FACT

1) Plaintiff Midwest Seafood, Inc. is a corporation organized and existing pursuant to the laws of the state of Missouri. Its principal place of business is within the

state of Missouri. Robert Frederick Regazzi is the President, Chairman of the Board of Directors, and Chief Managing Officer for plaintiff corporation.

2) Defendant Truck Insurance Exchange was at all times relevant herein a reciprocal insuror and a wholly owned subsidiary of Farmer's Insurance Group, a foreign corporation with its principal place of business in the state of California.

3) Defendant issued an insurance policy, number 14–2571 19 90, to plaintiff, insuring plaintiff's contents situated in premises at 533 Boonslick, St. Charles, Missouri. The policy was effective from October 31, 1975 to October 31, 1976. As issued, the policy provided contents coverage with a limit of $47,000.00 and a loss of earnings endorsement providing $2,000.00 coverage. On June 29, 1976, at plaintiff's request, the contents coverage was increased to $62,-000.00.

4) On July 7, 1976, fire occurred in the premises at 533 Boonslick, causing fire and smoke damage to the contents. The Court finds that the fire was intentionally set by Robert Regazzi, or by someone acting by his design or procurement.

### CONCLUSIONS OF LAW

This Court has jurisdiction over the subject matter and the parties to the suit. 28 U.S.C. § 1332.

Having found that the fire was intentionally set by plaintiff's president, the Court must conclude that plaintiff can not recover herein. 5 Appleman, Insurance Law and Practice § 3113 (1970).

Accordingly, judgment will be entered for defendant.